UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
RAMON APONTE,

                Petitioner,

     - against -

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------X

**MEMORANDUM AND ORDER**

10 CV 2379 (NRB)
02 CR 1082 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Ramon Aponte ("Aponte") has filed a petition for a writ of audita querela, in which he challenges the validity of his plea and sentence. In the petition, Aponte contends that the plea agreement and subsequent sentence were based upon the "mistaken premise" that certain counts of his conviction carry mandatory minimum terms of incarceration that must run consecutively to one another.

For the reasons discussed herein, Aponte's petition is denied.

<u>**BACKGROUND**</u>

**I.   Factual Background**

Aponte was originally indicted on August 13, 2002. More than a year later, Aponte was named in a three-count superseding felony information. Count One of the superseding information charged Aponte with using and brandishing a firearm during a

robbery in the Bronx, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. Count Two of the superseding information charged Aponte with robbing the occupants of a Manhattan apartment and assaulting one of the occupants with a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), 18 U.S.C. § 924(c)(1)(C)(i), and 18 U.S.C. § 2. Count Three of the superseding information charged Aponte with using a cellular telephone in furtherance of a conspiracy to distribute and possess drugs obtained in robberies of drug dealers, in violation of 21 U.S.C. § 843(b). On September 26, 2003, Aponte entered a plea of guilty to Counts One through Three of the superseding information.

Prior to pleading guilty, Aponte entered into a plea agreement. That agreement detailed the sentence that the parties expected Aponte would face as a result of his guilty plea to the three offenses described above. Namely, the signed plea agreement specified that: Count One carried a seven-year mandatory minimum term of incarceration because, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), a firearm was used and brandished in furtherance of a violent crime; Count Two carried a twenty-five year mandatory minimum term of incarceration because it was a second or subsequent conviction pursuant to 18 U.S.C. § 924(c)(1)(C)(i); and Count Three carried a statutory maximum

term of incarceration of four years.[1]  Additionally, the plea agreement stipulated that the sentences on Counts One and Two must be served consecutively to one another and to any other sentence of imprisonment.

On January 9, 2004, this Court sentenced Aponte to the mandatory minimum sentence of incarceration of seven years on Count One, the mandatory minimum sentence of incarceration of twenty-five years on Count Two, and the maximum sentence of four years of incarceration on Count Three.[2]  The custodial sentences for each count were imposed to run consecutively, resulting in a total term of imprisonment of thirty-six years, or 432 months.

## II.  Procedural Background

Aponte filed the instant petition on March 17, 2010.[3]  In his petition, Aponte challenges the validity of his plea and sentence on the grounds that both parties failed to properly construe § 924(c)(1)(A), which sets forth sentences to be imposed when a person possesses a firearm "during and in relation to any crime of violence or drug trafficking crime."

---

[1]  Pursuant to the plea agreement, the guidelines range applicable to Count Three was 262 to 327 months' imprisonment.  However, as noted above, the statutory maximum  term of incarceration was four years.

[2]  The Court also imposed a term of supervised release and a mandatory assessment, neither of which is relevant to the instant petition.

[3]  Aponte's petition is dated January 23, 2010, but was filed approximately seven weeks after that date.

18 U.S.C. § 924(c)(1)(A).[4]  Relying on <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008), Aponte argues that the parties and the Court misconstrued the "except" clause of § 924(c)(1)(A). According to Aponte, because he was subject to a greater mandatory minimum on Count Two, the Court should not have imposed consecutive mandatory minimum terms of incarceration.

In June 2010, Aponte filed a request to stay his petition, arguing that the Supreme Court of the United States had granted certiorari in <u>Abbott v. United States</u>, 559 U.S. ___, 130 S. Ct. 1284, 175 L. Ed. 2d 1073 (2010) and <u>Gould v. United States</u>, 559 U.S. ___, 130 S. Ct. 1283, 175 L. Ed. 2d 1073 (2010) to address two courts' interpretation of the "except" clause.  According to Aponte, the Supreme Court's forthcoming decision in those consolidated cases would have a "significant, if not dispositive, impact on this case."

On June 17, 2010, the Court granted Aponte's application for a stay and directed the parties to file answering and/or

---

[4] Section 924(c)(1)(A) of Title 18 provides, in relevant part:

> <u>Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law,</u> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -- (i) be sentenced to a term of imprisonment of not less than 5 years . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added).

supplemental papers within thirty days of the Supreme Court's decision.   Approximately five months later, on November 15, 2010, the Supreme Court issued an opinion in the above-mentioned cases.   131 S. Ct. 18, 178 L. Ed. 2d 348 (2010) (hereinafter "Abbott").

On December 14, 2010, the Government filed a memorandum of law in opposition to Aponte's petition.   In its memorandum, the Government argues that Aponte's effort to seek a writ of audita querela is procedurally improper and that Aponte's substantive argument is squarely foreclosed by the Supreme Court's decision in Abbott.

To date, the Court has received no additional submissions from the parties.

## DISCUSSION

### I.   Legal Standard

"Though formally abolished in civil cases, see Fed. R. Civ. P. 60(b), the writs of error coram nobis and audita querela remain available in very limited circumstances with respect to criminal convictions."   United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).   Specifically, a writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."   United States v. Richter, 510

F.3d 103, 104 (2d Cir. 2007) (per curiam) (quoting <u>LaPlante</u>, 57

F.3d at 253).

**II.  Analysis**

Even  assuming  <u>arguendo</u>  that  the  writ  is  available  to

Aponte,  Aponte's  petition  must  be  denied.  As  noted  above,

§ 924(c)(1)(A) of title 18 provides:

> <u>Except  to  the  extent  that  a  greater  minimum</u>
> <u>sentence  is  otherwise  provided  by  this</u>
> <u>subsection or by any other provision of law,</u>
> <u>any  person  who,  during  and  in  relation  to</u>
> <u>any  crime  of  violence  or  drug  trafficking</u>
> <u>crime</u> (including a crime of violence or drug
> trafficking crime . . . for which the person
> may be prosecuted in a court of the United
> States, <u>uses or carries a firearm</u>, or who,
> in furtherance of any such crime, possesses
> a  firearm,  <u>shall,  in  addition  to  the</u>
> <u>punishment  provided  for  such  crime  of</u>
> <u>violence or drug trafficking crime</u> -
>
> (i) be sentenced to a term of imprisonment
> of not less than 5 years;
>
> (ii)  if  the  firearm  is  brandished,  be
> sentenced to a term of imprisonment of not
> less than 7 years; and
>
> (iii)  if  the  firearm  is  discharged,  be
> sentenced to a term of imprisonment of not
> less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

In  recent  years,  the  Second  Circuit  has  had  at  least  two

occasions  to  interpret  the  so-called  "except"  clause.  In  so

doing,  the  Second  Circuit  concluded  that,  under  the  "except"

clause,  a  defendant  does  not  face  consecutive  mandatory  minimum

sentences  where  a  greater  mandatory  minimum  sentence  is  provided

by any other provision of the law.   See United States v. Williams, 558 F.3d 166 (2d Cir. 2009); United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).   Specifically, in Whitley, upon which Aponte relies, the defendant had been sentenced to concurrent terms of 282 months' imprisonment for Hobbs Act robbery and Armed Career Criminal Act ("ACCA") firearm possession.[5]   529 F.3d at 151.   In addition, the defendant was sentenced to a mandatory minimum term of ten years' imprisonment for discharging a firearm in relation to a crime of violence, which was to run consecutively to the 282-month sentence on the other counts.   Id.   On appeal, the Second Circuit held that the plain meaning of the "except" clause exempted Whitley from a mandatory, consecutive sentence of ten years for discharging a firearm because he was subject to a higher, fifteen-year mandatory minimum term of incarceration on the ACCA count.   Id. at 158.

In Williams, the Second Circuit reaffirmed its holding in Whitley, and held "that the mandatory minimum sentence under § 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense."

---

[5]   The ACCA count alone carried a fifteen-year mandatory minimum term of incarceration.   Whitley, 529 F.3d at 152-53 (citing 18 U.S.C. § 924(e)).

558 F.3d at 168.   Following <u>Williams</u> and <u>Whitley</u>, the Supreme Court granted certiorari in <u>Abbott</u> and <u>Gould</u> to resolve a circuit split involving the interpretation of § 924(c)(1)(A).

On November 15, 2010 the Supreme Court affirmed the imposition of consecutive mandatory minimum terms of incarceration.   Specifically, the Supreme Court held that:

> a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction. . . . [A defendant is] subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum.

<u>Abbott</u>, 131 S. Ct. at 23.   In so ruling, the Supreme Court rejected the reasoning of <u>Whitley</u> and <u>Williams</u>, as this Circuit has expressly recognized.   <u>Abbott</u>, 131 S. Ct. at 24 & n.2; <u>see also</u> <u>United States v. Tejada</u>, 631 F.3d 614, 619 (2d Cir. 2011) (concluding that <u>Williams</u> and <u>Whitley</u> were abrogated by the Supreme Court's decision in <u>Abbott</u>).

Thus, it is now abundantly clear that, when § 924(c)(1)(A) applies, the minimum sentences prescribed therein must run consecutively to any other term of imprisonment.   <u>See</u> <u>Tejada</u>, 631 F.3d at 617 (citing 18 § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the

8

person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."); see also United States v. Praylow, No. 08-2834-cr, 2011 WL 1289205, at *1-2 (2d Cir. Apr. 6, 2011) (summary order); United States v. De La Cruz, No. 07-0841-cr, 2011 WL 489827, at *1 (2d Cir. Feb. 14, 2011) (summary order).

As the Second Circuit recently stated, the Supreme Court in Abbott "construed the 'any other provision of law' segment of the 'except' clause to apply only to statutes that provide a greater mandatory minimum sentence for an offense that embodies all the elements of a § 924(c) crime." Tejada, 631 F.3d at 619 (citing Abbott, 131 S. Ct. at 29) (emphasis in original). Because Aponte's conviction on Count Two did not embody all the elements of Count One, his challenge to the validity of his plea and to the sentence subsequently imposed is foreclosed by Abbott. See Tejada, 631 F.3d at 619; United States v. De La Cruz, 2011 WL 489827, at *1.

<u>**CONCLUSION**</u>

For the foregoing reasons, the petition is denied.

9

Dated:    New York, New York
          May 5, 2011


                              NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE


Copies of the foregoing Memorandum and Order have been mailed on
this date to the following:

**Petitioner**
Ramon Aponte
Reg. No. 52538-054
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA  17954

**Attorney for Respondent**
Laurie A. Korenbaum
United States Attorney Office
One Saint Andrew's Plaza
New York, NY 10007